UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WAYNE FOURNERAT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  24-02520 (UNA) |
| | ) | |
| | ) | |
| CLAYTON R. HIGGINS, JR., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Wayne Format is a retired attorney residing in Fort Worth, Texas.  Appearing *pro se*, Fournerat has sued U.S. Supreme Court Deputy Clerk Clayton Higgins, Jr., in his individual and official capacities and seeks leave to proceed *in forma pauperis* ("IFP").  The Court will grant the IFP motion and dismiss this action.  *See* 28 U.S.C. § 1915(e)(2)(B) (requiring in IFP proceedings immediate dismissal of a case upon a determination that the complaint fails to state a claim on which relief may be granted, is frivolous, or seeks monetary relief from an immune defendant).

Fournerat alleges that Higgins intentionally abused his "civil process rights" on July 3, 2023, when Higgins while "acting as the Clerk of the United States Supreme Court refused to file conforming pleadings with the Court in a Capital Case[.]"  Combined Complaint for Violation of Civil Rights and Declaratory Relief, ECF No. 1 at 5-6; *see id*. at 13 (Higgins' letter returning submission).  Fournerat seeks monetary damages exceeding $26 million, a declaratory judgment, and injunctive relief.  *Id*. at 8-9.

It is well-established that the U.S. Supreme Court "has inherent [and exclusive] supervisory authority over its Clerk" and "neither a district court nor a circuit court of appeals has jurisdiction

to interfere with it by mandamus or otherwise." *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam); *see Caprice v. United States*, No. 11-cv-0535, 2011 WL 902128, at *1 (D.D.C. Mar. 14, 2011) ("This Court has no authority to determine what action, if any, must be taken by the Justices of the Supreme Court and the Supreme Court's administrative officers with respect to plaintiff's petition" for a writ of certiorari). Moreover, "the Supreme Court Clerk and Clerk's office staff enjoy absolute immunity from a lawsuit for money damages based upon decisions [such as alleged here] falling within the scope of their official duties." *Miller v. Harris*, 599 F. App'x 1 (D.C. Cir. 2015) (per curiam), citing *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam); *see Reddy v. O'Connor*, 520 F. Supp. 2d 124, 130 (D.D.C. 2007) (actions consisting of the denial of a petition for a writ of certiorari and the deputy clerk's refusal to file documents concerning a subsequent petition "are quintessentially 'judicial' in nature because they are 'an integral part of the judicial process'") (quoting *Sindram*, 986 F.2d at 1460-61)). And an "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981). Consequently, this case will be dismissed with prejudice. *See Fletcher v. Harris*, 790 F. App'x 220 (D.C. Cir. 2020) (affirming dismissal with prejudice of claim against the Clerk of the Supreme Court); *see also Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam) ("A dismissal with prejudice is warranted when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.") (cleaned up)). A separate order accompanies this opinion.

Date: October 18, 2024

_____
CARL J. NICHOLS
United States District Judge